**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Premier Financial Services, LLC, | No. CV-09-658-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| Abraham Sayegh, | |
| Defendant. | |

Premier Financial Services, LLC ("Premier") leases vintage and exotic automobiles. On May 21, 2007, Premier and Abraham Sayegh entered into a lease agreement pursuant to which Sayegh agreed to lease a 2006 Ferrari for a term of five years with monthly payments of roughly $4,000. Sayegh stopped making payments in May 2008, and Premier subsequently repossessed and sold the vehicle.

Premier filed a complaint for breach of contract against Sayegh on March 30, 2009. Dkt. #1. Sayegh was served with process on May 20, 2009. Dkt. #10. He failed to answer or otherwise respond to the complaint. The Clerk entered his default on July 9, 2009. Dkt. #12.

Premier has filed a motion for default judgment. Dkt. #16. No response has been filed. For reasons that follow, the Court will grant the motion.

Because Sayegh's default has been properly entered under Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. ##10-12), the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper*

*v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include the possibility of prejudice to Premier, the sufficiency of the complaint and the merits of the breach of contract claim, the amount of money at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Premier's motion and the relevant *Eitel* factors, and having reviewed the well-pled factual allegations of the complaint and the attached lease agreement, bill of sale, and collection debt worksheet (*see* Dkt. #1-1), the Court concludes that default judgment is appropriate in the amount of $108,084.56. *See Crosby v. Opperman*, No. CV 06-2012-PHX-MHM, 2008 WL 1776505 (D. Ariz. Apr. 15, 2008) (granting default judgment on breach of contract claim); *Webb v. Indigenous Global Dev. Corp.*, No. C-04-3174 MJJ, 2005 WL 1200203 (N.D. Cal. May 16, 2005) (granting default judgment against the defendant for failure to pay pursuant to a promissory note).

**IT IS ORDERED:**

1. Plaintiff Premier Financial Services, LLC's motion for default judgment (Dkt. #16) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Abraham Sayegh on the breach of contract claim in the amount of **$108,084.56**.
3. The Clerk is directed to **terminate** this action.

DATED this 1st day of September, 2009.

_____
David G. Campbell
United States District Judge